## IN THE CIRCUIT COURT OF DADE COUNTY, MISSOURI

JUDY DEERING,

    Plaintiffs,

v.

DADE COUNTY, MISSOURI, DADE COUNTY SHERIFF'S DEPARTMENT, and ERIC CARRIER, Individually and in his Official Capacity.

*Serve Dade County, MO at: Presiding Commissioner Randy Daniel, Dade County Courthouse, 300 E. Water Street, Greenfield, MO 65661*

*Serve Dade County Sheriff's Department at: 201 E. Water St. Greenfield, MO 65661*

*Serve Eric Carrier at: 513 E. 4th Street Lockwood, MO 65682*

    Defendants.

Case No. _____

**JURY TRIAL DEMANDED**



EXHIBIT A

### PETITION FOR DAMAGES

For her Petition for Damages against Defendant Dade County, Missouri, Defendant Dade County Sheriff's Department and Defendant Eric Carrier, states and alleges as follows:

### SUMMARY

Gary Deering, the husband of Judy Deering and putative father of Carey Prater, was shot and killed by Dade County Sheriff Eric Carrier, on June 23, 2021. The 74-year-old Gary, who suffered from depression, was killed during a well-being check conducted by the Dade County Sheriff's Department near Stockton Lake. At the time of his death, Gary was volunteering and cleaning up the bathrooms at Hawker Point Campground. Although Gary carried a gun in the console of his truck, the gun was never taken out of the console during Deputy Sheriff Eric

1

Carrier's well-being check. Deputy Sheriff Eric Carrier used deadly force and shot Gary through the driver's side window of Gary's truck despite Gary not brandishing any weapon.

## BACKGROUND

1. At all relevant times, Plaintiff Judy Deering was the lawfully wedded wife of Gary Lee Deering, deceased, and a resident of Clever, Christian County, Missouri.

2. At all relevant times, Gary Lee Deering, deceased, was the putative father of Carey Prater. Ms. Prater contacted Gary Lee Deering, deceased, approximately 4 or 5 years ago, claiming Mr. Deering was her father and has had some contact with him these last 4 or 5 years.

3. Pursuant to RSMo § 537.080, there are no other known persons in Class I to bring a wrongful death action.

4. Defendant Deputy Sheriff Eric Carrier at all relevant times, an agent and employee of the Dade County Sheriff's Department, and his actions and omissions arose while he was in the course and scope of his employment and imputed to the Dade County Sheriff's Department. At all relevant times, Defendant Deputy Sheriff Eric Carrier acted under color of state law, and he is being sued in his individual and official capacity. Defendant Deputy Sheriff Eric Carrier is a resident of Lockwood, Dade County, Missouri, and he may be served at 513 E. 4th Street, Lockwood, MO 65682.

5. Defendant Dade County Sheriff's Department is overseen by Sheriff Max Huffman, and is a part of Dade County, Missouri, and Presiding Commissioner Randall Daniel. The Sheriff's Department is involved in law enforcement and investigation and is responsible for promulgating policies, rules and procedures governing its employees and deputy sheriffs. The Defendant Dade County Sheriff's Department may be served at 201 E. Water Street, Greenfield,

MO 65661. Defendant Dade County, Missouri, may be served by serving Presiding Commissioner Randall Daniel at 300 E. Water Street, Greenfield, MO 65661.

6. At all relevant times, Defendant Dade County was a municipal corporation organized and existing under the laws of the State of Missouri.

7. This is a civil action seeking money damages against Defendants for committing acts under the color of state law that deprived Gary Lee Deering, deceased, of his rights secured under the Constitution and the laws of the United States; with the intent to deny Gary Lee Deering, deceased, the protection of the Constitution and specifically the Fourth and Fourteenth Amendments; and for refusing and neglecting to prevent such deprivations and denials to Gary Lee Deering, deceased; resulting in the wrongful death of Gary Lee Deering, deceased, and giving rise to the claims of Plaintiff.

8. Plaintiff Judy Deering further alleges that Dade County and Dade County Sheriff's Department are liable for Gary Lee Deering's injuries and death because they failed, on a continuing basis, to train, instruct, supervise, control and discipline Defendant Deputy Sherriff Eric Carrier and that the failure was the result of the official policy or the custom and practice of Dade County and the Dade County Sheriff's Department and the conduct caused the deprivation of Gary Lee Deering's rights secured under the United States Constitution by causing his death and therefore, the conduct is actionable by Plaintiff Judy Deering .

9. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

10. This cause of action arose and accrued in Dade County, Missouri, and therefore jurisdiction and venue are proper in this Court.

## FACTS GIVING RISE TO CLAIM

11. Gary Lee Deering was a veteran suffering from PTSD and who at various times in the last few years suffered from bouts of depression.

12. In June, 2021, Plaintiff Judy Deering, knew Gary Lee Deering was struggling with his PTSD, depression and was susceptible to bouts of anger.

13. On or about June 22, 2021, Plaintiff Judy Deering observed Gary Lee Deering's depression was severe, he had not been eating very much the past four or five days and had been acting angry.

14. Although the couple live in Springfield, Missouri, Plaintiff Judy Deering and her husband, Gary Lee Deering, were spending time at Stockton Lake.

15. Specifically, the couple stayed in a fifth wheel camper at the lake at Ruark Bluff East Campground, 16435 East Stockton Lake Drive, Stockton, Missouri 65661.

16. The couple volunteered their time cleaning up campsites and trying to make the bathrooms look nice.

17. The couple spent part of the day on June 22, 2021, volunteering their time and cleaning camp site bathrooms.

18. The night of June 22, 2021, Plaintiff Judy Deering checked on Gary Lee Deering while he slept in the bedroom and discovered he was asleep in bed with a gun in his hand.

19. Plaintiff Judy Deering took the gun from Gary Lee Deering's hand and decided to store the gun in her car.

20. Plaintiff Judy Deering carried the gun to her car and locked the weapon inside her vehicle.

21. Plaintiff Judy Deering went back inside and slept on the couch.

4

22. When Gary Lee Deering woke up the morning of June 23, 2021, Plaintiff Judy Deering heard him moving around in the bedroom and sounding agitated as he was apparently looking for the gun, she had locked in her vehicle the night before.

23. Gary Lee Deering left the house in his truck early in the morning.

24. Because Plaintiff Judy Deering had observed Gary Lee Deering struggling with his PTSD, depression, and based on his behavior the night before and that morning, Plaintiff Judy Deering was concerned for Gary Lee Deering's well-being, mental state, and afraid he might cause injury to himself.

25. At no time did Plaintiff Judy Deering feel threatened or in fear of her life.

26. Plaintiff Judy Deering knew Gary Lee Deering had a pistol in his truck and was concerned he might injure himself.

27. Plaintiff Judy Deering called 911 to report she was afraid Gary Lee Deering would harm himself.

28. The Dade County Sheriff's Department responded to the 911 call.

29. The Dade County Sheriff's Department contacted Plaintiff Judy Deering on June 23, 2021, around 6:00 a.m., by sending out a deputy sheriff to talk with Plaintiff Judy Deering.

30. The Dade County Sheriff's Department sent a Deputy Sheriff to interview Plaintiff Judy Deering on June 23, 2021.

31. Plaintiff Judy Deering explained to the Deputy Sheriff that Gary Lee Deering suffered from PTSD, depression and bouts of anger.

32. Plaintiff Judy Deering explained to the Deputy Sheriff the incident the night before with finding the firearm in Gary Lee Deering's hand while he was sleeping and that she took the gun from him and locked it in her vehicle.

33. Plaintiff Judy Deering told the Deputy Sheriff she was afraid Gary Lee Deering might be of danger to himself.

34. Plaintiff Judy Deering told the Deputy Sheriff that Gary Lee Deering kept a handgun in the console of his truck.

35. The Deputy Sheriff told Plaintiff Judy Deering she should leave the premises at Stockton Lake until the Dade County Sheriff's Office checked on Gary Lee Deering.

36. Plaintiff Judy Deering told the Deputy Sheriff she would drive to the couple's Springfield, Missouri address and wait until she heard from the Dade County Sheriff's Office.

37. The Deputy Sheriff told Plaintiff Judy Deering his shift was getting ready to end and someone else coming on to work at the Dade County Sheriff's Department would come back and do a well check on Gary Lee Deering.

38. At no time did Plaintiff Judy Deering tell the Deputy Sheriff she felt threatened or in fear of her life.

39. Plaintiff Judy Deering got in her vehicle and began her drive to Springfield, Missouri.

40. Before Plaintiff Judy Deering made it to Springfield, Missouri, her daughter Cathy Haden was contacted by the Lawrence County Sheriff's Department. Cathy Haden was asked if her mother was with her, she was, and asked to drive to the fifth wheel camper at Ruark Bluff East Campground, Stockton Lake, where the couple were staying.

41. Plaintiff Judy Deering, her daughter Cathy Haden and Cathy's husband drove back to Stockton Lake.

42. When they arrived at Stockton Lake, they were met by a detective from Lawrence County, Missouri, and questioned about Gary Lee Deering.

43. Plaintiff Judy Deering assumed from the questions asked that Gary Lee Deering had taken his own life.

44. However, at one point during the questioning, the detective asked about Gary Lee Deering's handgun he kept in the truck.

45. His question prompted Plaintiff Judy Deering's daughter Cathy to ask the detective directly if Gary Lee Deering killed himself with the gun in the truck.

46. The detective stated the gun did not leave the console at any time.

47. The detective stated Gary Lee Deering had been shot in the chest through the driver side window.

48. The family was shocked to find out that Defendant Deputy Eric Carrier shot Gary Lee Deering in the chest through the drivers side window and Gary Lee Deering never had the gun in his hand that was kept in the truck console.

## COUNT I – CLAIM AGAINST DEPUTY SHERIFF ERIC CARRIER

49. Plaintiff Judy Deering hereby incorporates Paragraphs 1 - 48 as if fully set forth herein.

50. As described above, Defendant Deputy Sheriff Eric Carrier used excessive force against Gary Lee Deering on June 23, 2021, without provocation and without legitimate penal justification.

51. Defendant Deputy Sheriff Eric Carrier's conduct was unconstitutional in that an objectively reasonable officer would have known that his actions violated Gary Lee Deering's constitutional rights under both the Fourth and Fourteenth Amendments of the United States Constitution. Gary Lee Deering's rights were violated in one or more following ways:

Electronically Filed - Dade - July 14, 2021 - 02:01 PM

A. The act of using deadly force when Deputy Sheriff Eric Carrier knew Gary Lee Deering suffered from PTSD and depression.

B. The act of using deadly force when Deputy Sheriff Eric Carrier knew he was supposed to be performing a wellness check on Gary Lee Deering.

C. The act of using deadly force when Deputy Sheriff Eric Carrier knew or should have known the gun in Gary Lee Deering's truck was never removed from the console.

D. The act of using deadly force when Deputy Sheriff Eric Carrier knew or should have known Gary Lee Deering did not pose an immediate threat to the safety of officers or others.

52. The actions of Defendant Deputy Sheriff Eric Carrier caused or contributed to cause the death of Gary Lee Deering.

53. The actions of Defendant Deputy Sheriff Eric Carrier were performed under the color of state law and violated Gary Lee Deering's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

54. As a direct and proximate result of Defendant Deputy Sheriff Eric Carrier's actions, Gary Lee Deering was shot and killed.

55. The conduct of Defendant Deputy Sheriff Eric Carrier was reckless, malicious, wanton, willful and intentional and exhibited a flagrant disregard for Gary Lee Deering's federally secured due process rights.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Judy Deering prays for judgment in her favor and against Defendant Deputy Sheriff Eric Carrier for the wrongful death of Gary Lee Deering, for compensatory money damages against Defendant Deputy Sheriff Eric

Carrier in his individual and official capacity in an amount that is fair and reasonable, for the costs incurred and reasonable attorneys' fees and expenses, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT II-CLAIM AGAINST DADE COUNTY AND DADE COUNTY SHERIFF'S DEPARTMENT

56. Plaintiff Judy Deering hereby incorporates Paragraph 1- 55 as if fully set forth herein.

57. There exists within Defendant Dade County and its respective Sheriff's Department, policies or customs, practices and usages that are so pervasive that they constitute the policies of these Defendant that caused or contributed to cause the constitutional depravations of Gary Lee Deering as set forth fully above. These policies, customs, practices and usages that exist include, but are not limited to, the use of excessive force when it is not reasonably necessary.

58. The policies, customs, practices and usages that exist include, but are not limited to, the use of deadly force when it is not reasonably necessary.

59. On or about May 27, 2018, a suicidal man was shot and killed by Dade County Sheriff's Department responding to a request for a well-being check.

60. After this incident, upon information and belief, the department should have instituted policies, rules and practices for handling a well-being check.

61. After the incident, upon information and belief, the department should have conducted training regarding well-being checks.

62. Defendant Dade County and Defendant Dade County Sheriff's Department was deliberately indifferent to affirmatively act in the face of conducting a well-being check, which it

Electronically Filed - Dade - July 14, 2021 - 02:01 PM

knew or should have known, has established the policies adhered to by Sheriff Deputies, including Defendant Deputy Sheriff Eric Carrier, and has generally and specifically condoned or otherwise tolerated the constitutionally violative conduct of using deadly force when it should not have been used as set forth above.

63. As a direct and proximate result of the aforementioned conduct, Gary Lee Deering's Fourth and Fourteenth Amendment rights were violated when he was shot and killed using deadly force when it was not warranted or called for by the situation.

64. The wrongful death of Gary Lee Deering was caused or contributed to have been caused by the improper use of deadly force.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Judy Deering prays for judgment in her favor and against Defendant Dade County and Defendant Dade County Sheriff's Department for the wrongful death of Gary Lee Deering, for compensatory money damages against both Defendants in an amount that is fair and reasonable, for the costs incurred and reasonable attorneys' fees and expenses, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT III- 42 U.S.C. § 1988

65. Plaintiff Judy Deering hereby incorporates Paragraphs 1-64 as if fully set forth herein.

66. For all claims in this Petition on which Plaintiff Judy Deering prevails, she requests compensation for her reasonable attorneys' fees and other costs as provided for by 42 U.S.C. § 1988.

## TRIAL BY JURY

Plaintiff requests a trial by jury on all issues.

Dated this 14th day of July, 2021.

                                **ALESHIRE ROBB & RAPP**

By   _/s/ William R. Robb_

                Gregory W. Aleshire  MO #38691
                William R. Robb     MO #43322
                Kevin J. Rapp        MO #57974
                2847 Ingram Mill Road, A-102
                Springfield, MO 65804
                417.869.3737 PHONE
                417.869.5678 FAX
                _info@aleshirerobb.com_
                **ATTORNEYS FOR PLAINTIFF**